NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAXIMILIAN A. BOWMAN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TESLA, INC., <br><br> Defendants - Appellees. | No. 25-390 <br><br> D.C. No. 2:24-cv-00769-RGK-KS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 21, 2026[**]
Pasadena, California

Before: NGUYEN and BRESS, Circuit Judges, and TUNHEIM, District Judge.[***]

Maximilian Bowman ("Bowman") appeals the district court's grant of

summary judgment in favor of Tesla, Inc. ("Tesla") on his breach of warranty

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

claims under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*, and California Commercial Code § 2313. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Calhoun v. Google, LLC*, 113 F.4th 1141, 1147 (9th Cir. 2024), we affirm.

Bowman bought a used Tesla car from a third-party dealership not affiliated with Tesla. The car's original owner had sought and received repair services under warranty for a speaker defect. The warranty expired shortly after Bowman bought the car, and before Bowman raised any speaker issues with Tesla.

The district court properly granted summary judgment in favor of Tesla. Bowman argues that Tesla breached its warranty with the original owner, and that the right to sue on this cause of action was then "automatically assigned" to him. But this theory is unsupported. Under California law, while a right of action may be assigned, *see* Cal. Civ. Code § 954, the assignor must "manifest an intention to transfer the right." *Sunburst Bank v. Exec. Life Ins. Co.*, 29 Cal. Rptr. 2d 734, 740 (Cal. Ct. App. 1994). And Bowman concedes the original owner's claim was not expressly or intentionally assigned to him.[1]

Bowman cites *Heritage Pacific Financial, LLC v. Monroy*, 156 Cal. Rptr. 3d 26, 39–41 (Cal. Ct. App. 2013), but that case does not support his position. There,

---

[1] Below, Bowman argued that he brought the speaker issue to Tesla's attention during the warranty period, but he abandoned that argument on appeal.

the court *rejected* the plaintiff's argument that the assignment of a promissory note automatically transferred the original lender's fraud claims against the borrower to the assignee. *Id*. at 42. The court held that the fraud claims were not assigned "incidentally" because there was no evidence that the original lender "manifest[ed] an intention to transfer" its fraud claims. *Id*. at 40. Bowman's theory is merely an attempt to extend a warranty that had already expired. To the extent the original owner has a claim against Tesla, that right may be asserted by the original owner "independently of his continued ownership" of the car. *See Nat'l Rsrv. Co. of Am. v. Metro. Tr. Co. of Cal.*, 112 P.2d 598, 602 (Cal. 1941); *Niedermeier v. FCA US LLC*, 543 P.3d 935, 949–50 (Cal. 2024) (explaining that under the Song-Beverly Act, original owners can sue for breach of warranty after they sell the vehicle). Thus, that right does not automatically flow to Bowman by virtue of his purchase of the vehicle.

**AFFIRMED**.